Good morning. May it please the Court, my name is Betsy Stevens for the Appellant, Raydeen Bell-Shier. Our first issue is that the ALJ expressly found in his decision at page 20 of the excerpts that Ms. Bell-Shier was limited to performing jobs that did not require skilled tasks. And then at step 5 of the sequential analysis, two of the jobs that the ALJ identified for Ms. Bell-Shier were semi-skilled jobs, which by definition in Social Security ruling 8310, semi-skilled jobs require, they depend on, the ability to perform semi-skilled jobs depends on the presence of acquired skills. And the ALJ did not find that Ms. Bell-Shier had transferable skills. Social Security ruling 8241 requires him to identify transferable skills if they exist. We don't have any rulings at the present time in the Ninth Circuit that find that such findings with respect to transferable skills are required from the ALJ, do we? Not that I'm aware of, no. We've got a conflict between the Second Circuit and, what is this, the Seventh Circuit, I'm not sure which, or Seventh and Fifth, that have different views on that. Why do you think it's important that the ALJ be required to articulate in writing when he or she finds a transferable skill? Well, if the ALJ is going to find the claimant not disabled on the basis that she's able to perform jobs which require skills, we need to know from the ALJ which skills she has in order to determine whether she has any that would transfer to those specific jobs that are identified. In this particular case, my recollection was that while he didn't identify any particular ones, that there were, he did indicate several that she could perform that existed in the national economy. I'm looking here specifically that she could perform unskilled position of surveillance systems monitor. In addition, that particular position exists in significant numbers in the national economy. The vocational expert testified that 156,000 such positions exist nationally and 500 regionally, and this Court in the Ninth Circuit has held that 1,266 positions are a significant number of jobs. Why would that be adequate for purposes of Step 5 in the analysis that the ALJ did? I believe it was this Court in Lounsbury that found that one occupation was not a significant range of work at Step 5. Even though there are lots of jobs available in that area? The Court, I believe, made the distinction that significant range of work would involve more than one occupation. What's the site on that, please? Lounsbury. I'm not sure. Maybe when you come back for your rebuttal, you can, you have your BlackBerry with you or something, don't you? You can just immediately hook on to Westlaw and tell me, right? I'll try to find it. Okay. No, no, no. Just a minute. Are you saying that this case, which I'm not familiar with, holds that the fact that the applicant, you know, is qualified for one job, even though there are a lot of those jobs available, is not enough? You got to have more than one job? How many jobs do you need? I don't think that there was a specific number given for how many was enough, but I think that it said that one was not a significant range. Well, but isn't the statute say significant range or significant number? Well, it says significant number of jobs. Couldn't you have a significant number of jobs in a single, you know, single category, such as the one Judge Smith mentioned, surveillance, where it was, monitor? I think that's possible, but I'm not sure that. Well, let me back up and ask another question now. Let's assume that let's assume that the LJ erred. All right. And not complying with that social security ruling and finding a transferable skill. Wouldn't that be, in this case, harmless error because you don't need a transferable skill for an unskilled job? Well, what the ALJ found was that all three of these jobs, including the semi-skilled jobs that he identified in combination, existed in significant numbers. And if Ms. Belshire is not, does not have transferable skills and can't perform reception clerk or storage facility rental clerk, then that only leaves the one surveillance system monitor alone. That was your perception that she could not perform those unless the court has any more questions. Did you want to reserve the balance of your time in case you want to respond to what the government says? Yes, please. Very well. Thank you. Thank you very much, Ms. Stevens. Mr. Ellsbury, please. Good morning, Your Honors. My name is Tom Ellsbury. I'm with Social Security. The issue of transferability skills is correct. The ALJ found there were no transferable skills. He found that there were no skills or he didn't make a finding? Not explicitly, but more than implicitly. In his conclusion of the analysis at step five, he states that using the medical vocational rules as a guideline, she was, she would be found not disabled. And he cites rules 201.28 and 202.21, which describes the age, younger individual in this case, degree of education, high school or more. And whether skills or semi-skills were transferable. And in both those categories are rules that states no transferable skills, no skills or semi-skill transferability. Let me ask you a question. Was the issue of transferability of skills raised as an issue on appeal? Pardon me? Was the issue of transferability of skills raised as a specific issue on appeal? I believe so. Where? Right at the very end. Page 39 to 40. They're stating that the ALJ understated the RFCM step five findings. Five findings were erroneous. The ALJ understated the RFCM step five findings. Five findings were erroneous. And that the argument is that she couldn't perform those jobs unless she had transferable skills. And if they all defined transferable skills, she couldn't perform those two jobs. That's the essence of her argument about those two jobs. If the government agrees that there are no transferable skills, it kind of moots the issue that Ms. Stevens was talking about. How were the other tests qualified? Did the ALJ find that she did not meet one or more of the other tests and on that basis denied the recovery? And if so, which of the four tests? You mean the rules listed? Yes, correct. No, that she satisfied all three directing the finding of not disabled. And if I understand your question, it's then how is she able to perform the two semi-skilled? No, actually, it's the other way around. I guess by your answer, you're sort of answering my question. You're saying that based upon the first three tests, the ALJ found that she was not disabled, so you never get to the fifth test. Is that correct? Or at least you don't have to get to the fifth. I guess I'm not sure which parameters you're speaking of, the tests, the younger individual, education. I'm talking about there's a five-part test to find disability. That's what I'm talking about, the five-part test. And I'm asking in that matrix, which of the five, the fifth one being the transferable skills, which ones did the ALJ find that Ms. Belshire did not meet? At step 5. No, at steps 1, 2, 3, or 4. I'm sorry, I'm not understanding your question. Okay, what I'm trying to understand is the ALJ, in order to find that she is disabled or not disabled, he goes through an analysis. And at least for purposes of the circuit, we frequently refer to the five-part test. Yeah, exactly. So the ALJ goes through and says, okay, with respect to the first test, this is the evidence, this is what I find. It goes through and does that, and then ultimately gets to the fifth step if the others are satisfied. Right. So what I'm saying is in that context, in that matrix, which of the earlier tests did she not satisfy? In other words, if you're saying there are no transferable skills, then step 5 is not, we've got a problem there. So what other steps did the ALJ find she did not meet out of the 5-step matrix? I'm sorry, it's... This is confusing for you. Why don't you tell me why the district, or rather why the ALJ found she was disabled? Okay, let me do that, and I'll also try to answer... Or not disabled. Not disabled. And I'll go through the steps very quickly. Okay. Step 1, proceeded past step 1 because there was no evidence of substantial gainful activity. Step 2 is the evaluation of whether there's a severe impairment, which he did find. A history of... Right. Step 3, there's a question of whether she is per se disabled. Does she need a listing? She did not. It moves on to step 4, to assess her functional capacity and whether she can perform her past relevant work. Found she could not perform her past relevant work, and then it proceeds to step 5. With that RFC and with consideration of the objective and of all evidence in the record, is she able to perform any other work existing in substantial numbers? And at that step, he found there were, as an example, three jobs that she could perform. And that's where the issue of transferability comes in. Now, let me ask you there. On all the jobs that the ALJ found were available in sufficient numbers, do they all require transferable skills? No. The system surveillance, surveillance system monitor does not. Now, what about the case Ms. Stevens mentioned that, well, a single job is not sufficient?  I'm aware of it. I'm not familiar enough to discuss it here. Had she briefed it in her case, I would have familiarized myself with that case. I don't recall that it limits it to a finding that... All right. Then we'll pass that for now. Now, the other job besides the surveillance monitor are semi-skilled jobs, aren't they? And for those, is it necessary to have transferable skills? No, it is not. Tell me why not. Okay. Because she didn't have any transferable skills, right? She did not have any transferable skills. That's what the ALJ found. Now then, you have to tell me why she doesn't need transferable skills to be qualified for those other jobs. I would be happy to do that. 8241, Social Security ruling 8241, which Appellant refers to, as do I, was passed specifically because of misinterpretation and misapplication of the regulations regarding interpretation of transferability of skills and to clarify, in particular, transferability of semi-skilled tasks to unskilled tasks. And the policy statement within 8241 specifically states, quote-unquote, expands upon the disability regulation purpose of the ruling because of those misunderstandings and misapplications. 8241 specifically states that the lower end of semi-skilled... Semi-skilled is a specific vocational... We have the acronym SVP under the Dictionary of Occupational Titles of 3 to 4. The two jobs listed by the vocational expert here were SVP of 3. 8241 states that the lower end of semi-skilled jobs do not necessarily require the transferability of skills and, in fact, states, end quote, transferability of skills is not usually found from the lower level of unskilled work and specifically uses the example of office clerk, very similar to the job, one of the jobs listed by the vocational expert and one of her past relevant... work experiences. The job she performed one day a week for two years. Is that going from higher to lower or higher to the same range? But if you have a lower range like that, isn't that what they're talking about when they say regarding discussion of transferability of skills? The lower range of unskilled work? But, no, actually the transfer, whether or not there would be such a transfer. In other words, if you have some sort of job that requires a certain high degree or level of skill, then that is really what the discussion is when they talk about transferability of skills. But if it's a situation where you're talking about a low level, are you saying that transferability is not discussed at all because it doesn't require any sort of transferability? Transferability was discussed both by the LJ and the vocational experts. The LJ noted that the BE, although he wasn't instructed regarding transferability of skills, all the jobs he identified were at the low SVP category, the lower level. And the BE's testimony at Excerpt of Record 327, first he notes that the first job, reception clerk, is actually identical to the job that she had been performing for the two years prior. And then also notes that the storage facility rental clerk is also an SVP of three. So it falls within the parameters discussed within 8241, stating that not all lower end jobs, particularly office clerk. Can you give me a number, a letter of the in 8241 that you're referring to when you say SS SSR 8241 says for the lower end jobs, you don't need transferable skills. Where is that in the law? It's designated by Asterix one, two, three, four. It's at the very end of Asterix three. So I think it's the paragraph right before Asterix four. Just before four. Correct. OK. Thank you. So now you've lost. I thought you were quoting from the paragraph to the. 8241. That's what you thought. Yeah. That's why I thought you were just quoting from. I'm sorry. The quote that I had said transferred skills is not usually found from the lower level. I'm still where it comes from. At the end of Asterix three. All right. My colleagues have other questions. We thank you, Mr. Ellsbury. Ms. Stevens, would you like to rebut? OK. Excuse me. Did you understand what Mr. Ellsbury just said? I didn't. Well, I'm a little confused because. What was he talking about? I guess let's get down to the bottom line. As far as the fifth step is concerned, the transferable skills, it's your position, I gather, that you have to have more than one job based upon the case that you're going to provide to us, either today or by a 28-J letter, presumably. Yes. Secondly, I gather that it is your position that when he seems to concur that there was no finding of transferable skills. So is it your contention that that ends the case, that she is disabled for purposes of the analysis? Or what is your position? Well, if she does not have any transferable skills, which the ALJ did not find that she had, then she's unable to perform those two semi-skilled jobs that he listed, which leaves only the surveillance system monitor job. What about his his reference to this paragraph in the SSR that says that the lower end of the semi-skilled job categories, you don't need to have transferable skills? 8241 says that. It was my understanding that 8241, where it says that, is talking about how you determine whether someone's past work, whether the skills that they learned in their past work, which may have been semi-skilled, would be transferable to a new job because the ALJ found that she can't perform her past work. And and so in order to have transferable skills through 8241, she would have had to have learned those skills on her past job and then be able to. That doesn't really respond to his argument because his argument is at the lower end of the semi-skilled job categories. The person doesn't need to have any transferable skills. Well, I thought what it said was that at the lower end, your skills may or may not be transferable to other work if you're doing a job that's semi-skilled. Now, 8310. While I still have your attention, let me ask you, did you find a citation to that case you referred to or not yet? Not yet. All right. He's still looking for it. All right. Thank you. So any other points that you'd like to make? Just that Social Security Ruling 8310 says that the ability to perform semi-skilled work depends on the presence of acquired skills. So that suggests that there must be transferable skills then. That suggests that she needs transferable skills if she's going to perform semi-skilled work. Let me just ask, let's assume the semi-skilled work is office clerk. What are the transferable skills that are going to be required for that? Well, I would have to ask the V.E., but I mean. Well, but didn't the ALJ did ask the V.E. in this particular case. And the ALJ did not ask the V.E. whether Ms. Bellshire had any transferable skills or what. He did not. The ALJ did not address that issue with the V.E. Let me just ask, if the person can stand to pay attention and follow instructions, what more is required? Well, it depends on the specific job that you're asking them to do. Office clerk. Office clerk. Well, in the DOT there's probably a list of specific tasks that are required in that job. And it might not be the specific tasks that make it semi-skilled. It might be the number of semi-skilled tasks that add up to one big job that might be difficult for someone to learn without skills. Any other questions? Thank you very much, Ms. Stevens. Thanks to you both for your arguments. The case of Bellshire v. Astor is submitted. Well, next, your argument in Algier-Moore-Thomas v. Alaska Airlines. Thank you.
judges: Tashima, Smith, Wu